UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MEGAN McCULLY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 09-CV-0310-CVE-PJC |
| | ) |
| AMERICAN AIRLINES, INC., | ) |
| | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Now before the Court is Defendant's Motion for Reconsideration of Taxation of Costs (Dkt. # 64). On March 3, 2010, the Court entered an Opinion and Order granting summary judgment to defendant on all of plaintiff's claims (Dkt. # 52), and judgment was entered in favor of defendant and against plaintiff (Dkt. # 53). Plaintiffs submitted a bill of costs for $4,389.85. Dkt. # 54. The Clerk of Court entered an Order on Bill of Costs (Dkt. # 63), taxing costs in favor of defendant in the amount of $2,688.60. Defendant objects to the denial of costs for the videotape deposition of plaintiff, in the amount of $1,612.50. Dkt. # 64.

The costs statute, 28 U.S.C. § 1920, permits the clerk of court to tax as costs "fees for printed or electronically recorded transcripts necessarily obtained for use in the case." See in re Williams Securities Litigation - WCG Subclass, 558 F.3d 1144, 1147-48 (10th Cir. 2009). This standard

> does not allow a prevailing party to recover costs for materials that merely "added to the convenience of counsel" or the district court. To be recoverable, a prevailing party's transcription and copy costs must be "reasonably necessary to the litigation of the case." Materials produced "solely for discovery" do not meet this threshold. At the same time, we have acknowledged that materials may be taxable even if they are not "strictly essential" to the district court's "resolution of the case." Id. The "realities of litigation occasionally dispense with the need of much of the discovery

already taken by the parties when, for instance, a dispositive motion is granted by the trial court."

Id. (internal quotations omitted). A prevailing party bears the burden of establishing the amount of costs to which it is entitled. Id.

The video deposition of plaintiff was not "necessarily obtained for use" in this case. Plaintiff's video deposition was not used to support defendant's motion for summary judgment because defendant relied solely on the typed transcript, and plaintiff would have testified live at trial. Defendant's argument that the video deposition was used to judge plaintiff's credibility falls clearly under the rubric of "add[ing] to the convenience of counsel." Therefore, the Clerk of Court properly disallowed costs for the video deposition of plaintiff.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Reconsideration of Taxation of Costs (Dkt. # 64) is **denied**.

**DATED** this 22nd day of April, 2010.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT